# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Noble Brooks                                                                                 Plaintiff

v.                                                              Case No.  3:19-cv-595-CWR-LRA

United States of America                                                              Defendant

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW THE PLAINTIFF and alleges as follows:

## PARTIES

1. Plaintiff NOBLE BROOKS is an adult resident of Mississippi, and an employee of Defendant Agency.

2. Defendant UNITED STATES OF AMERICA is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203.

## JURISDICTION AND VENUE

3. Jurisdiction in this court is proper under 28 U.S.C. § 1331.

4. Venue is proper in this court under 42 U.S.C § 2000e-5(f)(3) because this is the judicial district in which all events at issue took place.

5. Trial by jury is demanded on all issues so triable.

## FACTS

6. Mr. Brooks has worked for the Federal Bureau of Prisons for almost twenty years.

7. Mr. Brooks current position is a maintenance worker supervisor at the Federal Correctional Complex Yazoo City in the low security facility.

8. All work time at issue occurred at the medium security facility on the Federal Correctional Complex Yazoo City.

9. On or around September 2017, prisoners were transferred to the medium security facility on the Federal Correctional Complex Yazoo City.

10. These prisoners were transferred here in order to respond to the events of Hurricane Maria in Puerto Rico.

11. In order to compensate for the transfer of new prisoners, employees were asked to work overtime at the medium security facility.

12. Mr. Brooks was asked to work overtime, and he accepted.

13. From October 2017 to May 2018, Mr. Brooks worked overtime at the medium security facility.

14. In order to accommodate the overtime, his schedule at the low-security facility was changed from 7:00am - 4:30pm to 6:00am - 3:30pm.

15. Mr. Brooks would started overtime hours at 4:00pm.

16. This schedule change was authorized by Raymond J. Conway, the General Foreman and then-Facilities Manager Steven Turner. (attached memorandum).

17. In order to receive pay each pay period, time and attendance sheets must be approved and certified by your supervisor.

18. Brooks' time was approved and certified.

19. Brooks was paid for the overtime he worked.

20. On August 31, 2018, Brooks received a Notice of Intent to Offset Salary and Repayment Agreement which stated that he had been overpaid a total of $85.90.

21. After receiving the Notice of Intent, Mr. Brooks went to the Time and Attendance Clerk to see his T&A sheets in order to understand how he had been overpaid.

22. Looking at his T&A sheets, Mr. Brooks noticed a signature on the sheets that did not belong to him and was instead a forgery of his signature.

23. The Agency had been doing correctives on T&A sheets.

24. These correctives are done in order to change the work schedule worked by employees during that pay period.

25. Mr. Brooks refused to authorize any T&A sheets that had undergone correctives as they did not accurately reflect his time actually worked.

26. Defendant Agency went through Mr. Brooks T&A sheets in order to change Mr. Brooks schedule for the period of October 2017 to May 2018. All correctives were done without permission of Mr. Brooks and were never authorized by Mr. Brooks.

27. The correctives reflect an incorrect schedule that had Brooks starting overtime at 4:30pm rather than 4:00pm, docking him 30 minutes of overtime pay.

28. To date, the agency has garnished Mr. Brooks' wages a total of $716.21 related to this issue.

## CAUSES OF ACTION

**COUNT ONE: FAILURE TO PAY OVERTIME**

29. Plaintiff incorporates all allegations set forth in other sections of this complaint.

30. Plaintiff is an employee protected by the overtime provisions of the Federal Labor Standards Act.

31. Under 29 U.S.C. § 207, overtime of one and one-half times the regular rate must be paid for hours worked in excess of 40 in a given work week.

32. Defendants failed to pay overtime as required by FLSA

33. As a result, Plaintiff worked overtime and was not compensated for it.

34. Defendant's violations were willful.

35. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.

36. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

## REMEDIES

37. WHEREFORE, Plaintiffs request that this Court award Plaintiffs all available equitable and legal relief, including the following:

    a. Declare that the conduct complained of is unlawful and enter an injunction;

    b. Require Defendants to post a notice in the workplace that the policies and procedures at issue were found unlawful by this Court;

    c. Require Defendants, jointly and severally, to pay Plaintiffs wages owed under the FLSA, and an equal amount in liquidated damages;

    d. Award Plaintiffs reasonable attorney's fees and costs of this action;

    e. Award Plaintiffs interest on damages at the legal rate as appropriate, including pre- and post-judgment interest; and

      f.   Grant any further relief that the Court deems just and proper.

The foregoing Complaint is respectfully submitted on behalf of Plaintiffs by and through counsel:

/s/Joel F. Dillard                                      Date: August 22, 2019
Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com